Benjamin Gassman, J.
This is a motion in the nature of a writ of error coram nobis. In a three-count indictment filed June 11, 1958 the defendant was charged with (1) robbery in the first degree; (2) grand larceny in the second degree, and (3) criminally possessing a pistol after a prior conviction. A notice of appearance was filed on behalf of the defendant on June 13, 1958 by George Feit, his retained attorney, who also appeared for and with the defendant on June 18, 1958, when the defendant pleaded not guilty. On September 9, 1958 the defendant, during trial, with his retained attorney by his side, withdrew the plea of not guilty and pleaded guilty to the crime of robbery in the third degree, on which plea he was sentenced, on September 30, 1958, to State prison for a term of not less than 5 years nor more than 6 years, as a second offender.
In his moving papers, defendant states that when his case was called for trial on September 8,1958 he “ moved this court to discharge counsel from the defense and then requested a short continuance in order to obtain counsel of his choosing, informing the court that said counsel has not prepared the cause adequately, had not consulted with defendant regarding his defense and has refused to interview witnesses for the defendant”. He alleges that the court refused to allow him to discharge his counsel and ordered the said counsel to complete the selection of a jury and directed the defendant to be prepared with new counsel the following day and that the court “ gave the defendant an ultimatum that he either be ready with new counsel or the same counsel would be forced to continue the trial ”. He states that ‘ ‘ knowing that he could not obtain a fair trial by the prejudice and bias of the court, was thus forced to withdraw his plea of not guilty and plead guilty to Robbery in the Third Degree ”. He concludes by saying that he was “ coerced to plead guilty ”. *281 Thus the basis of the defendant’s motion is the alleged incompetence of his lawyer and the alleged bias and prejudice on the part of the court. It may be said at the outset that neither charge is substantiated by the record.
Even if there had been some basis for the charge of incompetence on counsel’s part, it would not be the basis for coram nobis. 11 It would be folly indeed for the courts to sit and hear disappointed prisoners try their former lawyers on charges of incompetent representation”. (People v. Brown, 7 N Y 2d 359, 361.)
In a coram nobis proceeding, the burden of proof is upon the defendant to establish his contention convincingly by a preponderance of the credible evidence. (People v. Chait, 7 A D 2d 399, affd. 6 N Y 2d 855.) As stated, the defendant failed to sustain this burden.
The records on file do not bear out either of the two claims advanced by the defendant. The minutes of September 9, 1958 (on which the defendant pleaded guilty) show the following:
“ the court : Rodney Byrnes, you have heard your counsel state that you wish to withdraw your plea of not guilty and enter a plea, under the first count of the indictment, to robbery in the third degree; is that your desire?
‘1 the defendant : That is my desire.
“ the court: On April 4, 1958, at 4.30 p.m. in premises 1840 Seventh Avenue, did you take from Carey Lloyd the sum of $105 in currency of the United States?
“ the defendant: Yes, sir.
“ the court: Were you offered any inducements by either the District Attorney, the Court or your lawyer, or any one else, to have you accept this plea?
“ the defendant: No, sir.
“ the court: Have you been forced or coerced in any way?
“ the defendant: No, sir.
The defendant thus made no claim, at the time his plea to a reduced charge was taken, that he was coerced by any action of the court into taking the plea. Nor did he make any such claim on September 30, 1958, when he appeared for sentence. He first asserted his claim after a lapse of three years, on this motion. In view of his open admissions made in court, as above quoted, he has failed to sustain the burden of proof, and his motion is, in all respects, denied.
The District Attorney is directed to serve a copy of this decision and order to be entered thereon, upon the defendant at his place of incarceration.